**Opinion filed August 8, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00045-CR

_____

## SILVIA AMERICA MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 17-0375-CCL**

## M E M O R A N D U M   O P I N I O N

Appellant, Silvia America Martinez, pleaded guilty to the Class A misdemeanor offense of assault-family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2019). Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for one year. The State subsequently filed a motion to adjudicate Appellant's guilt. The trial court held a contested hearing on the State's motion to adjudicate, found all but

one of the State's allegations to be true, and adjudicated Appellant guilty of the charged offense. The trial court assessed Appellant's punishment at confinement in the county jail for 365 days. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, a copy of the clerk's record and the reporter's record, and an explanatory letter. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The State presented evidence in support of the allegations in the motion to adjudicate. In that regard, we note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Further, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658,

661–62 (Tex. Crim. App. 1999). Based on our review of the record, we agree with counsel that no arguable grounds for error exist.[1]

We grant counsel's motion to withdraw and affirm the judgment of the trial court.


PER CURIAM


August 8, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Texas Rule of Appellate Procedure 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.